IN THE COMMON PLEAS COURT, FRANKLIN COUNTY, OHIO

TROY ROTE, ET AL.,  :
:
      Plaintiffs,  :
:
-vs-  :   CASE NO: 13CV-09-10075
:   JUDGE SHEERAN
ZEL CUSTOM MANUFACTURING, LLC  :
ET AL.,  :
:
      Defendants.  :
:

## ANSWER OF DFENDANT, VANCE OUTDOORS, INC.

Now comes Defendant, Vance Outdoors, Inc., to state the following for its Answer:

**FIRST DEFENSE**

1.    Answering Defendant is without knowledge as to the specific facts alleged in paragraph 1.

2.    Answering Defendant is without knowledge as to the specific facts alleged in paragraphs 2, 3, 4 and 5, and therefore denies those allegations.

3.    Answering Defendant, Vance Outdoors, Inc., admits that it does business in the State of Ohio. Any and all other allegations stated in paragraph 6 are hereby denied.

4.    Answering Defendant is without knowledge as to the specific facts alleged in paragraphs 7, 8, 9, 10, 11, 12 and 13, and therefore denies those allegations.

5.    Answering Defendant admits to the provisions of Ohio Revised Code Section 2305.01, as well as the Ohio Rules of Civil Procedure cited in paragraph 15 of the Plaintiff's Complaint.

6.    Answering Defendant further admits that jurisdiction and venue are proper in the Franklin County Common Pleas Court, but denies any and all other allegations stated in paragraphs

14 and 15.

7. Answering Defendant admits the substance of the Ohio Rules of Civil Procedure cited by Plaintiff in paragraph 16, but denies any and all other allegations stated therein.

8. Answering Defendant is without knowledge as to the specific facts alleged in paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 29 and 30.

9. Answering Defendant denies paragraphs 31 and 32.

10. Answering Defendant responds to paragraph 33, as stated above.

11. Answering Defendant denies paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43.

12. Answering Defendant responds to paragraph 44, as stated above.

13. Answering Defendant is without knowledge as to the specific facts alleged in paragraph 45, and therefore denies those allegations.

14. Answering Defendant denies paragraphs 46, 47, 48, 49, 50, 51, 52, 53 and 54.

15. Answering Defendant responds to paragraph 55, as stated above.

16. Answering Defendant denies paragraphs 56, 57, 58, 59, 60, 61, 62 and 63.

17. Answering Defendant responds to paragraph 64, as stated above.

18. Answering Defendant denies paragraphs 65, 66 and 67.

19. Answering Defendant responds to paragraph 68, as stated above.

20. Answering Defendant denies paragraphs 69, 70, 71, 72, 73, 74, 75 and 76.

21. Answering Defendant responds to paragraph 77, as stated above.

22. Answering Defendant denies paragraphs 78, 79, 80, 81 and 82.

23. Answering Defendant responds to paragraph 83, as stated above.

24. Answering Defendant denies paragraphs 84, 85, 86, 87 and 88.

25. Answering Defendant responds to paragraph 89, as stated above.

26. Answering Defendant denies paragraphs 90, 91, 92, 93, 94, 95 and 96.

27. Answering Defendant responds to paragraph 97, as stated above.

28. Answering Defendant is without knowledge as to the specific facts alleged in paragraph 98, and therefore denies those allegations.

29. Answering Defendant denies paragraph 99.

30. Answering Defendant denies any and all allegations not specifically admitted herein, and further denies negligence or any other form of liability at all times relevant.

**SECOND DEFENSE**

31. Plaintiff was comparatively negligent, with such negligence proximately causing the damages he alleges, thereby barring or comparatively reducing his recovery.

**THIRD DEFENSE**

32. Plaintiff expressly assumed the risk of his injuries.

**FOURTH DEFENSE**

33. Plaintiff impliedly assumed the risk of his injuries.

**FIFTH DEFENSE**

34. Defendant, Vance Outdoors, Inc., was not a manufacturer of the products in question.

**SIXTH DEFENSE**

35. The product in question was substantially modified and/or altered after it left possession of the answering Defendant.

**SEVENTH DEFENSE**

36. Any problems experienced with the product in question were caused by unforeseeable misuse or abuse of said product, or by the failure to heed the applicable

manufacturers' or distributors' warnings and instructions that accompanied the product.

**EIGHTH DEFENSE**

37. The product was not defective.

**NINTH DEFENSE**

38. The defect in the firearm, if any, was an open and obvious risk, or one that is a matter of common knowledge.

**TENTH DEFENSE**

39. Answering Defendant did not provide or change any warnings or instructions with the products which it sold to its customer.

**ELEVENTH DEFENSE**

40. Answering Defendant made no representations beyond that of the manufacturer of the product.

**TWELFTH DEFENSE**

41. Answering Defendant did not alter, modify or fail to maintain any product in question herein.

**THIRTEENTH DEFENSE**

42. Answering Defendant did not market any product here in question under its own label for trade name.

**FOURTEENTH DEFENSE**

43. Any injuries or damages sustained by Plaintiff were caused by or contributed to by the negligence or actual conduct of other persons, firms, corporations, or entities over whom this Defendant has no control or right of control and for whom it is not responsible.

**FIFTEENTH DEFENSE**

44. If this answering Defendant was negligent, or breached any warranty, or if any products sold by it contained any defect which was a direct and proximate cause of the injuries and damages alleged in Plaintiff's Complaint, which this Defendant specifically denies, then in that event, acts and/or omissions of other parties intervene and act as the independent, proximate or sole cause of the matters complained of and the injuries resulting therefrom.

**SIXTEENTH DEFENSE**

45. At the time the subject product left the control of this answering Defendant, a practical and technically feasible alternative design was not available that would have prevented the harm from which Plaintiff seeks to recover without substantially impairing the usefulness of the intended purpose of said product.

**SEVENTEENTH DEFENSE**

46. The defect alleged by Plaintiff is an inherent characteristic of the subject product which cannot be eliminated without substantially compromising the products usefulness and desirability.

**EIGHTEENTH DEFENSE**

47. Plaintiff's claims, in whole, or in part, fail to state a claim upon which relief can be granted against this answering Defendant.

**NINETEENTH DEFENSE**

48. Plaintiff's claims may be barred by the applicable statute of limitations and/or statute of repose.

**TWENTIETH DEFENSE**

49. Answering Defendant reserves the right to assert other defenses, affirmative or

otherwise, counter-claims, cross-claims and/or third-party claims, if and when applicable, as this case progresses and discovery provides cause therefore.

WHEREFORE, Defendant, Vance Outdoors, Inc., having fully answered Plaintiff's Complaint, hereby demands that it be dismissed.

Respectfully submitted,

/s/ Michael J. McLane
Michael J. McLane (0038567)
140 East Town Street
Suite 1015
Columbus, OH 43215
(614) 716-0983
(614) 228-8844 (Fax)
mike_mclane@staffdefense.com
Attorney for Defendant, Vance Outdoors, Inc.

## JURY DEMAND

Pursuant to the Ohio Rules of Civil Procedure, Defendant demands a trial by eight (8) persons on all issues.

/s/ Michael J. McLane
Michael J. McLane

## REQUEST FOR STATEMENT OF MONETARY DAMAGES SOUGHT

Now comes the Defendant, to request Plaintiff to specify in writing the amount of damages sought against the answering Defendant.

Respectfully submitted,

/s/ Michael J. McLane
Michael J. McLane (0038567)
140 East Town Street, Suite 1015
Columbus, OH 43215
(614) 716-0983
Attorney for Defendant, Vance Outdoors, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served upon:

Daniel N. Abraham, Attorney for Plaintiffs

via the Court's electronic filing system this 9th day of October, 2013.

and

| | |
|---|---|
| Zel Custom Manufacturing, LLC<br>c/o Michael S. Brendzel<br>10305 Welbeck Court<br>Tampa, FL  33626<br>Defendant | Bushmaster Firearms International, LLC<br>c/o Secretary of State<br>2 South Salisbury Street<br>Raleigh, NC  27601<br>Defendant |
| Edward Grimm<br>5808 Heritage Lake Drive<br>Hilliard, OH  43026<br>Defendant | Ammoman.com d/b/a Discount Distributors<br>c/o Statutory Agent<br>151 Cooper Road<br>West Berlin, NJ  08091<br>Defendant |
| Gary Buyer<br>2037 North Galena Road<br>Sunbury, OH  43074<br>Defendant | Fabrica Militar Fray Luis Beltran<br>a/k/a Fabricaciones Militares<br>Av. Cabildo 65<br>C1426AAA<br>Buenos Aires, Argentina<br>Defendant |
| Judith Buyer<br>2037 North Galena Road<br>Sunbury, OH  43074<br>Defendant | |

via ordinary U.S. mail, postage prepaid this 9th day of October, 2013.

/s/  Michael J. McLane
Michael J. McLane