IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Troy and Amanda Rote,

    Plaintiffs,

v.

Zel Custom Manufacturing, LLC, et al.,

    Defendants.

Case No: 2:13-cv-1189

Judge Graham

Magistrate Judge Kemp

<u>Opinion and Order</u>

    Plaintiff Troy Rote alleges that he suffered severe injury to his right hand and arm when a firearm that he was attempting to operate malfunctioned. Rote brings this action against numerous defendants, including Remington Arms Company, LLC (as successor in interest to Bushmaster Firearms International, LLC). Bushmaster allegedly manufactured the lower receiver on the firearm used by Rote. The first amended complaint asserts the following claims against Remington: negligence, breach of implied and express warranties, violations of the Ohio Product Liability Act, §§ 2307.71 to 2307.80 ("OPLA"), supplier liability under the OPLA, and loss of consortium.

    This matter is before the court on Remington's Rule 12(b)(6) motion to partially dismiss the complaint. For the reasons stated below, the motion is granted.

I.     **Factual Allegations and Procedural History**

    Rote alleges that on September 10, 2011, he was present as an invited guest on real property owned by defendants Gary and Judith Buyer in Sunbury, Ohio. Between 12 and 15 other guests were present, including defendant Edward Grimm, who owned and brought with him a .50 caliber rifle. According to the complaint, Grimm assembled the upper receiver and the lower receiver of the firearm that day on the premises of the Buyers' property.

    At Grimm's invitation, and with the Buyers' knowledge, 5 or 6 people fired the rifle. Grimm then invited Rote to fire the rifle. Grimm provided loading and firing instructions to Rote. As Rote was loading the rifle, a round of ammunition allegedly exploded, causing injury to Rote's right hand and arm.

    The complaint alleges that the rifle was composed of an upper receiver manufactured by defendant Zel Custom Manufacturing, LLC and a lower receiver manufactured by Bushmaster.

1

Grimm allegedly purchased the Zel upper receiver from defendant Vance Outdoors, Inc. and the lower receiver directly from Bushmaster.

The complaint further alleges that the round that exploded was from a box of ammunition bearing marks identifying it as being made by defendant Fabrica Militar Fray Luis Beltran (a/k/a Dirección General de Fabricaciones Militares or "DGFM"). The ammunition was allegedly purchased from defendant Ammoman.com.

The complaint asserts negligence claims against all defendants (Count I), a premises liability claim against the Buyers (Count II), OPLA claims against Zel, Bushmaster/Remington, Vance, Ammoman, and DGFM (Count III), claims for breach of implied and express warranties against Zel, Bushmaster/Remington, Vance, Ammoman, and DGFM (Counts IV and V), supplier liability claims against Zel, Bushmaster/Remington, Vance, Ammoman, and DGFM (Count VI), and a loss of consortium claim against all defendants (Count VII).

The complaint and first amended complaint were filed in Franklin County Court of Common Pleas. The action was removed to this court by DGFM on the basis that DGFM is an instrumentality of the foreign state of Argentina and is under the supervision of the Argentine Ministry of Defense. See 28 U.S.C. § 1330.

This matter is before the court on Remington's motion to dismiss Counts I, III, IV and V.

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556

U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.     Discussion**

    **A.     Preemption of Common Law Claims**

The OPLA "abrogate[s] all common law product liability claims or causes of action." O.R.C. § 2307.71(B). A "product liability claim" is defined as:

> [A] claim . . . that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
>
> (a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;

3

>   (b) Any warning or instruction, or lack of warning or instruction, associated with that product;
>
>   (c) Any failure of that product to conform to any relevant representation or warranty.

O.R.C. § 2307.71(A)(13).

Remington argues that plaintiff's claims for negligence and breach of implied and express warranties are preempted by the OPLA because they allege the same conduct that gives rise to a product liability claim under § 2307.71(A)(13). The court agrees. Count I alleges that defendants negligently designed and produced rifle components and failed to adequately warn plaintiff about the dangers associated with their products. See First Am. Compl., ¶¶ 37, 38. Count IV alleges that defendants breached an implied warranty of merchantability and fitness in that their products were defectively designed and produced. Id., ¶ 79. Count V alleges that defendants breached an express warranty that their products were free from design and manufacturing defects. Id., ¶ 84. These allegations in Counts I, IV and V mirror the allegations made in Count III in support of plaintiff's OPLA claims. Id., ¶¶ 56, 59, 65, 69.

Under similar circumstances, in which common law claims for negligence or breach of implied or express warranty have alleged the same conduct that gives rise to an OPLA claim, courts have held that the common law claims are preempted by § 2307.71(B). See, e.g., Miles v. Raymond Corp., 612 F.Supp.2d 913, 917-24 (N.D. Ohio 2009) (negligence, breach of warranty); Stratford v. SmithKline Beecham Corp., No. 2:07-cv-639, 2008 WL 2491965, at **5-7 (S.D. Ohio June 17, 2008) (negligence, breach of warranty). Plaintiff's response brief confirms this result by admitting that the common law claims "essentially establish product liability claims." Pl.'s Response Br. at 2.

Counts I, IV and V are therefore dismissed with prejudice.

### B.    OPLA Claims

Count II of the complaint alleges three violations of the OPLA: (1) defective design, manufacture or construction, §§ 2307.74, 2307.75; (2) inadequate warning or instruction, § 2307.76; and (3) nonconformance with manufacturer's representation, § 2307.77. Remington argues that the claims must be dismissed because the complaint merely recites the legal elements of a cause of action for each alleged violation.

The court finds that Remington's characterization of the complaint is correct. The allegations discuss "defendants" in the collective sense and broadly assert that the various elements of the OPLA claims are satisfied. But beyond identifying Bushmaster as the maker of the lower

4

receiver, the complaint does not state what was defective about the design or manufacture of the product, what risk Bushmaster/Remington should have warned plaintiff of, or what representation of conformance was made to plaintiff by Bushmaster/Remington.  In other words, the complaint does not contain factual allegations concerning Bushmaster/Remington in support of the OPLA claims.

In his response brief, plaintiff contends that it is difficult for the injured party in a product liability case involving several possible tortfeasors to have information at the pleading stage upon which to allege the exact cause or causes of his injury.  Plaintiff requests that he be permitted leave to amend the complaint to cure its shortcomings once "the essential product testing and discovery are complete." Pl.'s Response Br. at 8.

Plaintiff's request for leave goes too far.  The Federal Rules of Civil Procedure do not allow for a party to fully conduct discovery and then formulate its causes of action.  The court notes that the rifle was made available to the parties for inspection in January 2014 and that on April 8, 2014 the magistrate judge granted plaintiff's motion for the rifle to be released to plaintiff's counsel for examination by plaintiff's expert.  This window of preliminary inspection of the rifle has given plaintiff ample opportunity to be able to form factual allegations in support of its OPLA claims.  The court will grant plaintiff leave to file an amended complaint within 30 days of this order.

## IV.     Conclusion

Accordingly, defendant Remington's motion to partially dismiss the complaint (doc. 25) is GRANTED.  Counts I, IV and V are dismissed with prejudice.  Count III is dismissed without prejudice, and plaintiff may amend his complaint within 30 days of the date of this order.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: July 17, 2014