IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Troy and Amanda Rote,

    Plaintiffs,

v.

Zel Custom Manufacturing, LLC, et al.,

    Defendants.

Case No: 2:13-cv-1189

Judge Graham

Magistrate Judge Kemp

Opinion and Order

Plaintiff Troy Rote suffered an injury to his left hand while loading a rifle owned by defendant Edward Grimm. The rifle had a lower receiver taken from a firearm manufactured by defendant Bushmaster Firearms International, LLC, and a .50 caliber upper receiver manufactured by defendant Zel Custom Manufacturing, LLC. This matter is before the court on the unopposed motion for summary judgment of Remington Arms Company, LLC, as successor in interest to Bushmaster.

Grimm purchased a Bushmaster XM15-E2S rifle from defendant Vance Outdoors, LLC in 2006. In 2010, Grimm purchased a Zel Tactilite T1 .50 caliber bolt-action upper receiver from Vance. He dissembled the Bushmaster rifle and removed a majority of its components, including all of its upper receiver and upper receiver assembly parts, as well as a portion of the assembly parts from its lower receiver. Grimm took the Zel upper receiver and the parts provided with it and he assembled a reconfigured rifle with the Bushmaster lower receiver.

Grimm brought the rifle to a party hosted by defendants Gary and Judith Buyer in September 2011. Rote, a guest at the party, was given the opportunity to fire the rifle near a pond on the Buyer's property. The injury occurred when Rote attempted to load a .50 caliber cartridge bearing the marks of defendant Dirección General de Fabricaciones Militares (DGFM). As Rote closed the rifle bolt, an "out-of-battery" detonation occurred when the rifle discharged before the bolt's lugs were engaged in their locking position.

The Third Amended Complaint asserts various theories of liability against Remington under the Ohio Product Liability Act, §§ 2307.71 to 2307.80, including inadequate warning, defect due to

1

nonconformance with manufacture's representation, defective design or manufacture, and supplier liability.

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

Remington argues that it is entitled to summary judgment because none of the firearms experts retained in this case, including plaintiff's expert, found any defect with the Bushmaster lower receiver, nor did they find that the lower receiver caused or contributed to plaintiff's injury. See e.g., Watkins Rep. at Part 7 (stating that the Bushmaster components were free of design and manufacturing defects and that the out-of-battery discharge was not caused by any of the Bushmaster components). Remington further argues that Bushmaster did not make any representation to Rote and had no duty to warn of the dangers that could arise from disassembling the original rifle and integrating it into a different product or system not offered or endorsed by Bushmaster or Remington. See Schaffer v. A.O. Smith Harvestore Products, Inc., 74 F.3d 722, 729 (6th Cir. 1996); Brennaman v. R.M.I. Co., 70 Ohio St.3d 460, 639 N.E.2d 425 (1994). Finally, Remington argues that Bushmaster is excluded under the supplier liability statute from the definition of a "supplier" because it meets the definition of a "manufacturer." O.R.C. §§ 2307.71, 2307.78.

Plaintiff does not oppose Remington's motion for summary judgment and admits that his own expert found no fault with the Bushmaster product. However, plaintiff requests that the court, in entering judgment in Remington's favor, also preclude the other defendants from asserting at trial that Remington shares in the responsibility and that Remington should be included in an apportionment of liability.

The court will deny plaintiff's request as premature. The motion before the court – Remington's motion for summary judgment – is limited to the argument that *plaintiff* (not the other defendants) has failed to establish a genuine dispute of material fact regarding plaintiff's claims against Remington. That motion raises no issues regarding joint and several liability among multiple tortfeasors, a matter governed by O.R.C. §§ 2307.22 and 2307.23(A)(2) (providing that the trier of

2

fact determine the percentage share of responsibility of each tortfeasor, including tortfeasors from whom plaintiff does not seek recovery).

Accordingly, defendant Remington's motion for summary judgment (doc. 157) is granted. The motion to strike (doc. 166) of DGFM is denied as moot.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: November 7, 2017