# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TROY ROTE, et al., : | |
| : | |
|     Plaintiffs, : | |
| : | |
|   v. : | Case No. 2:13-cv-1189 |
| : | |
| ZEL CUSTOM MANUFACTURING LLC, : | JUDGE JAMES L. GRAHAM |
| et al., : | Magistrate Judge Kemp |
| : | |
|     Defendants. : | |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
### AS TO DEFENDANT VANCE OUTDOORS, INC.

Plaintiffs, by and through counsel, hereby move the Court for an Order, pursuant to Fed. R. Civ. P. 56, granting summary judgment in their favor with respect to the liability of Defendant Vance Outdoors, Inc. No genuine issues of material fact exist concerning the circumstances under which Defendant Vance Outdoors, Inc. may be found liable to Plaintiffs in this case and judgment should be granted in favor of Plaintiffs for the reasons set forth in the memorandum in support of this motion.

                                  Respectfully submitted,

                                  */s/ Daniel N. Abraham*
                                  Daniel N. Abraham (0023457)
                                  Colley Shroyer & Abraham, LLC
                                  536 South High Street
                                  Columbus, OH 43215
                                  T: (614) 228-6453
                                  F: (614) 228-7122
                                  E:  dabraham@csajustice.com
                                  *Trial Attorney for Plaintiffs*

**MEMORANDUM IN SUPPORT**

**I.     Statement of Relevant Facts**

On September 10, 2011, Troy Rote was seriously injured while loading a .50 caliber rifle when a round of ammunition, loaded into the chamber, exploded before the bolt moved to the position of being closed and secured, a condition commonly referred to as "out of battery" detonation. The ammunition being used at the time of the incident consisted of 12.7 x 99mm rounds from a box of ammunition bearing marks identifying it as being manufactured by DGFM. The ammunition was purchased online through Ammoman.com. (Grimm Depo. Doc. #152-1, 124:8-13)

Defendant Edward Grimm brought the .50 caliber rifle to a party hosted by the Buyers. (Rote Depo. Doc. #150-1, 53:21-24; 54:3-11)  The rifle was assembled by Mr. Grimm from two separate component parts, both purchased from Defendant Vance Outdoors, Inc. (hereinafter "Vance"). (Powell Depo. Doc. #193, 10:21-23) On December 12, 2006, Mr. Grimm purchased an AR-15 style rifle manufactured by Bushmaster from Vance. (Grimm Depo. Doc. #152-1, 151:8-11) On November 8, 2010, Mr. Grimm purchased the Zel Custom upper receiver from Vance. (Grimm Depo. Doc. #152-1, 100:3-6) The upper receiver was manufactured by Defendant Zel Custom Manufacturing, LLC (hereinafter "Zel"). Zel sold the upper receiver to adapt an AR-15 style lower receiver to a .50 caliber rifle. The subject .50 caliber rifle was assembled by Mr. Grimm using the Zel Custom upper and the Bushmaster lower receiver. These facts are not disputed.

On September 9, 2013, Troy Rote and his wife, Amanda Rote, filed a personal injury action naming as defendants the owner, sellers, and manufacturers of the rifle, including the "upper" and "lower" components, as well as the seller and the manufacturer of the ammunition

involved in the incident. Gary Buyer and his wife, Joyce Buyer (hereinafter the "Buyers"), the individuals who owned the property where the injury occurred, and Edward Grimm, the owner and assembler of the "upper" to the "lower," were also named as Defendants.

## II. Law and Argument

Plaintiffs' claims against Vance are brought under the Ohio Products Liability Act and are based on its status as the "supplier" of the Zel Custom upper, one of the component parts of the .50 caliber rifle that caused Troy Rote's injuries. Plaintiffs acknowledge that, according to the evidence that has been produced in this case, Vance did not manufacture the rifle or any of its component parts and that there is no evidence that Vance changed, modified or re-branded the products prior to selling them to Mr. Grimm. Thus, whether Vance has any liability to Plaintiffs in this case is governed by Ohio Revised Code §2307.78 which addresses supplier liability.

Under the Ohio Products Liability Act, there are two ways in which a "supplier" can be held liable for a design defect. The supplier can either be liable for its own negligence in supplying the product or to the extent the product did not conform to its representations under Ohio Rev. Code §2307.78(A). It can also be liable under Ohio Rev. Code §2307.78(B) for the manufacturer's conduct where one or more of the eight scenarios identified in the statute are present. *Great Northern Ins. Co. v. BMW of N. Am. LLC*, 84 F. Supp.3d 630, 657 (S.D. Ohio 2015).

Plaintiffs' Fourth Cause of Action in their Third Amended Complaint states a claim for supplier liability. [Doc. #56] In paragraph 116, Plaintiffs allege that "Defendants are liable as suppliers pursuant to R.C. 2307.78(A) to the extent that Defendants negligently supplied the product, or to the extent that the product did not conform to representations by the supplier." Paragraph 117 alleges that Defendants are also "liable as suppliers pursuant to R.C. 2307.78(B)

to the extent that any or all of the other bases for supplier liability under that statute apply." Plaintiffs then quote the eight subsections providing the circumstances under which liability can be imposed on the supplier for the manufacturer's negligence. Under those circumstances, the supplier will be held to have stepped into the shoes of the manufacturer and will be liable to the extent that the manufacturer is found to be liable.

In this case, there is no evidence that Vance is liable for its own negligence in supplying the Zel upper receiver, or to the extent that the product did not conform to representations by the supplier and Plaintiffs are not seeking summary judgment against Vance based on these theories of liability. Instead, Plaintiffs' claim against Vance is based on Ohio Rev. Code §2307.78(B) and its liability as a supplier. To prevail on this claim, Plaintiffs must show that Zel is liable under Ohio Rev. Code Sections 2307.71-.77 and that one of the eight conditions under which Vance can be held liable under Ohio Rev. Code §2307.78(B) applies. *Id.* at 658.

At this juncture, whether Plaintiffs can prevail on their product liability claims against Zel remains undetermined. However, if Plaintiffs obtain a judgment against Zel and is unable to enforce that judgment due to the actual or asserted insolvency of Zel, Vance could be held liable for any compensatory damages awarded to Plaintiffs. Ohio Rev. Code §2307.78(B)(2). Zel is insured and its insurer is defending this lawsuit. Nevertheless, the amount of coverage available to Zel may be inadequate to satisfy a judgment entered against it and it is unclear what additional assets might be available for this purpose.

Vance has filed its own motion for summary judgment and Plaintiffs have defended the motion based upon the same theory of supplier liability that is the subject of this motion. By filing this motion, Plaintiffs are asking the Court to find that Defendant Vance is liable to

Plaintiffs as a supplier, pursuant to Ohio Rev. Code §2307.78(B)(2), if Plaintiffs obtain a judgment against Zel and it is unable to satisfy the judgment.

**III.  Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant summary judgment in their favor as to Defendant Vance Outdoors, Inc. finding that Plaintiffs can pursue recovery against this Defendant under Ohio Rev. Code §2307.78(B) in the event that Plaintiffs are unable to enforce a judgment against Zel, the manufacturer of the product sold by Vance, due to a claim of actual or asserted insolvency of Zel.

Respectfully submitted,

*/s/ Daniel N. Abraham*
Daniel N. Abraham (0023457)
Colley Shroyer & Abraham, LLC
536 South High Street
Columbus, OH 43215
T: (614) 228-6453
F: (614) 228-7122
E:  dabraham@csajustice.com
*Trial Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2017, a copy of the foregoing was served upon all counsel of record through the Court's CM/ECF System.

*/s/ Daniel N. Abraham*
Daniel N. Abraham     (0023457)

5