IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TROY ROTE, ET AL., | : |
| Plaintiffs, | : |
| -vs- | : CIVIL ACTION NO: 2:13-cv-1189 |
| | : JUDGE: JAMES L. GRAHAM |
| | : MAGISTRATE JUDGE: CHELSEY M. VASCURA |
| ZEL CUSTOM MANUFACTURING, LLC, | : |
| | : CASE NO: 13CV-09-10075 |
| Defendants. | : Franklin County Common Pleas |

## DEFENDANT, VANCE OUTDOORS, INC.'S, MEMORANDUM CONTRA PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In their Motion, Plaintiffs concede a number of points. Defendant asks this Court to grant summary judgment against Plaintiff on those issues, so that there may be a narrowing of issues in this litigation. Plaintiffs concede that:

> "Vance did not manufacture the rifle or any of its component parts and that there is no evidence that Vance changed, modified or re-branded the product prior to selling them to Mr. Grimm."

(Plaintiffs' Motion p. 3.)

Additionally,

> "… there is no evidence that Vance is liable for its own negligence in supplying the Zel or to the extent that those products do not conform to representations by the supplier and Plaintiffs are not seeking summary judgment against Vance on these theories."

(Plaintiffs' Motion p. 4).

This Court should grant summary judgment to Defendant, Vance Outdoors, Inc., to the extent of these concessions within the plaintiffs' Motion.

The only portion of the products liability statute Plaintiffs contend provides liability is under Ohio Revised Code §2307.78(B). Liability is based upon a two-pronged analysis. The first is whether Plaintiffs can prevail on their products liability claims against Zel. (Summary judgment was granted

regarding the Bushmaster firearm, to co-Defendant, Remington Arms Company, LLC, which is a successor to Bushmaster Firearms International, LLC.) This leaves the claims against Zel remaining. Plaintiffs discuss the eight conditions of Ohio Revised Code §2307.78(B), but they specifically discuss only one, insolvency, as providing liability in this case. Plaintiffs state hypothetically that, if they obtain a judgment against Zel and are unable to enforce that judgment due to actual or asserted insolvency of the manufacturer, then Vance could be held liable for compensatory damages. Plaintiff claims this determination could only be made at the time of judgment.

Earlier in this litigation, Plaintiffs served Zel with Interrogatories and Requests for Production. The responses were served on all counsel on March 10, 2014. Attached is Exhibit A, which is the response to Request for Production number 1, which requested liability insurance information. The declarations page that applies to that policy of insurance is attached. This declarations page shows that there is $1,000,000.00 in liability insurance available to cover this incident. Mr. Brendzel also testified that he was insured, but he did not know the policy limit. (Brendzel Dep. 221:14 – 222:4.) "Insolvency" is not defined within Revised Code §2307.71, which provides product liability definitions. Although we do not know what a jury would adjudicate the plaintiffs' damages to be, a $1,000,000.00 policy of insurance to cover those damages is certainly not "insolvency."

Zel's insurance policy is a substantial asset ready to stand behind any compensatory judgment that arises from this case. Pursuing Plaintiffs' position to its logical conclusion, summary judgment on behalf of a supplier could never be granted, because there is always some metaphysical possibility that either the Defendant manufacturer, or their insurer could become insolvent at some time in the future. In reviewing the other categories of §2307.78, where a supplier becomes liable, the intent of the statute is to provide a response to the lawsuit, along with viability to respond in damages, if liability is found. In this case, Zel has answered the plaintiffs' Complaint and provided a vigorous defense to that Complaint, and continues to do so. Zel has produced in discovery a declarations page

2

that indicates there is a $1,000,000.00 policy of insurance providing coverage in the defense of the plaintiffs' allegations.

Summary judgments are judgments that are on the merits of the case. Summary judgment is a method by which any party may go beyond the pleadings, and force another party to put forth evidence of their allegations. Plaintiffs must go beyond the language of the statute. The statute states: "…unable to enforce a judgment *due to* the actual or asserted insolvency of the manufacturer."[Emphasis added]  The Plaintiffs have taken the deposition of Michael Brendzel, founder of Zel Custom, as well as serving Zel Custom with written discovery. There is evidence of a $1,000,000.00 insurance policy, defending and providing indemnification to Zel Custom. The plaintiffs' only assertion is that they might get a judgment that might exceed the policy limit. The policy could be insufficient, but it does not indicate insolvency.  A potential insufficiency of assets is not enough to impose liability under the supplier statute. The summary judgment of Vance Outdoors, filed on June 23, 2017, should be granted for the reasons and in accordance with the case law cited therein.

Respectfully submitted,

/s/ Michael J. McLane
Michael J. McLane (0038567)
David J. Heinlein (0040677)
140 East Town Street, Suite 1015
Columbus, OH  43215-5125
(614) 716-0983
(614) 228-8844 (Fax)
mike_mclane@staffdefense.com
david_heinlein@staffdefense.com
Attorneys for Defendant, Vance Outdoors, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on 14th day of December, 2017, a copy of the foregoing was served upon all counsel of record through the Court's CM/ECF system.

/s/ Michael J. McLane
Michael J. McLane

changes in, and variations from the contentions herein set forth. The following responses are provided without prejudice to Zel's right to produce evidence of any subsequently-discovered facts. Zel, accordingly, reserves the right to amend, modify and/or supplement any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, expert opinions are exchanged, and contentions are formulated.

## GENERAL OBJECTIONS

Zel is responding to these Demands pursuant to FRCP 26 and 34 and, in answering same, is interpreting words used by plaintiffs according to their ordinary and normal meaning.

1. Provide all copies of liability insurance, including "umbrella" policies, excess policies, or other insurance agreements and/or indemnity agreements and/or bonds under which any person or entity carrying on an insurance/indemnity business may be liable or reimburse for any payments to satisfy the judgment if one is rendered against you.

    **ANSWER:** A copy of the declarations page for the subject policy of insurance will be provided.

2. Provide copies of all photographs of the scene of the incident.

    **ANSWER:** Defendant is not in possession of any photographs of the scene of the incident other than those produced by the other parties to this litigation. To date, defendant has not been provided access to the scene of the incident.

3. Provide all documents and other items you intend to use as Exhibits in the trial of this matter.

    **ANSWER:** Defendant objects to this demand on the grounds that it is premature. Defendant has not yet decided what materials or evidence it will rely on at the time of trial. Without waiving or limiting the foregoing objections, defendant will provide responsive materials in accord with the Court's deadlines for the identification and exchange of exhibits.


EXHIBIT A

## Commercial General Liability

### RENEWAL DECLARATION

| NAME AND ADDRESS OF AGENCY | INSURANCE COMPANY |
|---|---|
| Joseph Chiarello & Co., Inc.<br>31 Parker Road<br>Elizabeth    NJ  07208-2118<br>AGENCY 0000030625 | Granite State Insurance Company<br><br>175 Water Street - 18th Floor.<br>New York                NY 10038 |
| NAME AND MAILING ADDRESS OF INSURED | POLICY NUMBER                RENEWAL OF |
| ZEL CUSTOM MANUFACTURING, LLC. DBA<br>TACTILITE<br>10305 WELBECK COURT<br>TAMPA                FL 33626 | 02-LX -086478084-2/000  02-LX-086478084-1<br>POLICY PERIOD<br>    FROM: 06-22-11   TO: 06-22-12<br>At 12:01 A.M. standard time at the mailing address shown. |

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| GENERAL AGGREGATE | $ | 2,000,000 |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE | $ | 2,000,000 |
| PERSONAL INJURY & ADVERTISING INJURY | $ | 1,000,000 |
| EACH OCCURRENCE | $ | 1,000,000 |
| DAMAGE TO PREMISES RENTED TO YOU | $ | 50,000  ANY ONE PREMISES |
| MEDICAL EXPENSE | $ | 5,000  ANY ONE PERSON |

STATE-1

**LOCATION OF ALL PREMISES YOU OWN, RENT OR OCCUPY:**
LOC #  1: 11419 CHALLENGER AVENUE        ODESSA, FL 33556

| LOC | CLASSIFICATION | CODE | PREMIUM BASIS | PMS RATE | PDTS RATE |
|---|---|---|---|---|---|
| 1 | METAL GOODS MFG. | 56911 | GROSS SALES | REDACTED | |

CLASS CODE 56911 READS:  MFR OF BARRELLED UPPERS R/A METAL GOODS MFG.

06-28-11