IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Troy and Amanda Rote,

    Plaintiffs,

v.

Zel Custom Manufacturing, LLC, et al.,

    Defendants.

Case No: 2:13-cv-1189

Judge Graham

Magistrate Judge Vascura

Opinion and Order

This suit concerns from the physical injury suffered by plaintiff Troy Rote when a rifle he was loading detonated prematurely. Plaintiff has sued a number of defendants who are allegedly responsible for various aspects of the firearm and ammunition. Among them are defendant Zel Custom Manufacturing, LLC, which manufactured the .50 caliber upper receiver on the firearm used by Rote. Plaintiff has asserted claims against Zel for products liability, including failure to warn, design defect and manufacturing defect.

The matter is before the court on plaintiff's motion to reopen discovery for the limited purpose of reconvening the deposition of Michael Brendzel, the owner and president of defendant Zel. For good cause shown, the court grants plaintiff's motion. See Fed. R. Civ. P. 16(b)(4).

Plaintiff first requested blueprints, schematics and designs regarding the Zel receiver in his request for production of documents. Zel responded that it no longer possessed any such documents. Plaintiff deposed Brendzel about the matter. Brendzel testified that the blueprints had been used for quality control during the manufacturing process, but he claimed that he no longer had possession of any blueprints. He stated that it was not his practice to keep copies for himself and that he had searched his records and not found any blueprints. He further testified that he often dealt with a draftsman in Michigan with respect to the blueprints. Brendzel stated that he had asked the draftsman to recover copies of the blueprints, but the draftsman had "deleted the archive" and the blueprints could not be recovered.

In January 2018, following the close of discovery and following the filing of dispositive motions, plaintiff's expert came across information on Zel's website to the effect that Zel had closed its operations and a new firm, McCutchen Firearms had "picked up the baton" using Zel's

1

blueprints. The expert accessed McCutchen's website and was able to retrieve information suggesting that McCutchen is manufacturing an upper receiver based on blueprints from Zel for a receiver like the one at issue in this case. Plaintiff's counsel represents that he has confirmed that McCutchen has possession of the blueprints. He believes that Zel supplied the blueprints to McCutchen, based on statements made on Zel's website when the business closed.

In determining whether to reopen discovery, courts may consider: (1) whether the movant has demonstrated good cause for reopening discovery; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the discovery that is sought; (4) the relevance of the discovery being sought; and (5) whether the party opposing the motion to reopen discovery will be prejudiced. Morgan v. Gandalf, Ltd., 165 Fed. Appx 425, 431-32 (6th Cir. 2006).

Zel argues that plaintiff is at fault for not obtaining the blueprints earlier because Brendzel's deposition testimony suggested the possibility that there could be some third party, such as the Michigan draftsman, who had copies. The court however notes that Brendzel specifically testified that the Michigan draftsman had deleted the archive and "assured [Brendzel] that he had taken all the steps that he was able to recover it, but he couldn't." The court finds from the information presented that plaintiff's counsel was not dilatory in obtaining the newly-discovered evidence, and it appears possible that Zel failed to provide complete discovery responses or to supplement those responses.

Plaintiff's request to reopen discovery is narrowly-tailored. He seeks to reconvene Brendzel's deposition to authenticate the blueprints and related documents plaintiff's counsel has obtained and to develop Brendzel's testimony regarding the blueprints. This discovery is plainly relevant to plaintiff's claims that the Zel receiver was defectively designed and that there was a manufacturing defect.

Finally, reopening discovery will not cause prejudice to the parties. Zel argues that reopening discovery will disrupt the trial schedule in this case. That may be so, but the court notes that the parties in this litigation have expended great resources in conducting discovery, retaining experts, and briefing eight pending motions for summary judgment. Before considering the motions or going to trial, the court wishes to have all of the relevant information it can have concerning the cause or causes of plaintiff's injury and the potential liabilities of the various defendants.

Accordingly, plaintiff's motion to reopen discovery for the limited purpose of reconvening the deposition of Michael Brendzel (doc. 233) is GRANTED. The court will continue to stay

consideration of the pending dispositive motions. The final pretrial conference and jury trial dates are hereby vacated and will be rescheduled in a separate notice.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: March 23, 2018