# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TROY ROTE,** *et al.*,

    **Plaintiffs,**

    v.

**ZEL CUSTOM MANUFACTURING LLC,** *et al.*,

    **Defendants.**

**Civil Action 2:13-cv-1189**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

## **OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Direccion General de Fabricaciones Militares's (hereinafter "DGFM") Motion to Compel Plaintiffs to Pay Expert Witness Deposition Fees and accompanying affidavit (ECF Nos. 206 & 207), Defendant Zel Custom Manufacturing LLC's (hereinafter "Zel") Response in Opposition (ECF No. 214), Plaintiffs' Troy Rote and Amanda Rote's ("Plaintiffs") Response in Opposition (ECF No. 215), and DGFM's Reply and accompanying affidavit (ECF Nos. 216 & 217). The parties dispute what expenses are properly included in an expert witness's "reasonable fee" under to Federal Rule of Civil Procedure 26(b)(4)(E). Although Plaintiffs paid for the expert witnesses' time spent at the deposition, DGFM contends that precedent in the Southern District of Ohio also requires Plaintiffs to pay for the expert witnesses' preparation time, travel time, and out-of-pocket expenses. (Def.'s Mot. to Compel 1, ECF No. 206.) For the reasons that follow, DGFM's Motion is **GRANTED in part and DENIED in part**.

**I.**

On September 7, 2017, Plaintiffs served deposition notices for DGFM expert witnesses Dr. Torrence Welch and Mr. Vincent Di Ricco. The next day, Plaintiffs served another deposition notice for DGFM's expert witness Frank Hatten. (Walker Aff. ¶¶ 3–4, ECF No. 207.)

On September 14, 2017, DGFM's counsel gave notice to Plaintiffs' counsel that pursuant to case law in the Southern District of Ohio, he intended to seek compensation for his experts' fees for preparation and travel time, in addition to their time spent at the deposition. (Walker Aff. ¶ 6–7; Exh. D, ECF No. 207.) Zel's counsel responded to DGFM's email and suggested that each party should instead pay for their own expert's preparation time. (Exh. D, ECF No. 207.) The experts' depositions proceeded as scheduled. (Walker Aff. ¶ 5, ECF No. 207.) On November 28, 2017, Plaintiffs sent checks to DGFM's counsel for the cost of the experts' depositions in the amounts of $527.50 for Dr. Welch, $2,100.00 for Mr. Di Ricco, and $802.13 for Mr. Hatten. (*Id.* at ¶ 11.) These payments did not include the preparation or travel time that DGFM requested. (*Id.* at ¶ 12.)

**A.     Defendant DGFM's Request for Expert Fees**

After the parties could not resolve the fee issue, DGFM filed its Motion to Compel on December 6, 2017, seeking an order compelling Plaintiffs to pay $7,210.92 for fees DGFM's three expert witnesses incurred, which included their preparation time, travel time, and other out-of-pocket expenses. (Def.'s Mot. to Compel 1, ECF No. 206.) This amount excludes the amount Plaintiffs already paid for the expert witnesses' time spent during the depositions. DGFM posits that the law is "clear in this district that an expert's deposition preparation time and travel time are reimbursable." (*Id.* at 4.) DGFM also seeks attorney's fees for the costs incurred in bringing this Motion.

In support of its request for additional expert witness fees, DGFM attaches three invoices purporting to reflect the total expenses owed to each expert less the fees already paid for the deposition time. (Walker's Aff. in Support ¶¶ 8; 11; s*ee also* Exhs. F–H, ECF No. 207.) DGFM also points out that Exhibits F and G reflect a downward adjustment for which DGFM's counsel negotiated. (Walker Aff. ¶ 8, ECF No. 207.) The Court reviews the breakdown of each expert's invoice in turn.

### 1. Expert Witness Dr. Welch

DGFM attaches an invoice from Rimkus Consulting Group in support its request for reimbursement of Dr. Welch's preparation fees. The invoice reflects preparation fees of $2,937.00, billed at a rate of $330.00 per hour. (Exh. F, PAGEID # 4306, ECF No. 207.) More specifically, DGFM seeks $2,343.00 for Dr. Welch's time spent gathering materials and preparing for the deposition on his own and an additional $594.00 for the time Dr. Welch spent with DGFM's counsel preparing for the deposition. (*Id.*) Mr. Walker's affidavit states that Plaintiffs have already paid $527.50 for Dr. Welch's deposition time. (Walker Aff. ¶ 11, ECF No. 207.)

### 2. Expert Witness Mr. Di Ricco.

To account for Mr. Di Ricco's expenses, DGFM attaches an email from Mr. Di Ricco reflecting $2,450.00 for preparation time, billed at a rate of $350.00 per hour. (Exh. G, PAGEID # 4307, ECF No. 207.) The email reflects that Mr. Di Ricco billed three hours to "review, assemble and provide copies as required by Court Order of all pertinent material," for a total of $1,050.00. (*Id.*) Mr. Di Ricco also billed four hours to "read Mr. Powell's deposition," for a total of $1,400.00. Plaintiffs have already paid Mr. Di Ricco $2,100.00 for his time spent at the deposition. (Walker Aff. ¶ 11, ECF No. 207.)

### 3. Expert Witness Mr. Hatten

DGFM attaches Exhibit H, which contains an itemized list of Mr. Hatten's expenses. DGFM seeks the remaining $1,823.92 for Mr. Hatten's preparation and travel time, billed at a rate of $150.00 per hour. (Exh. H, PAGEID # 4308, ECF No. 207.)  More specifically, Mr. Hatten incurred: $150.00 for one hour spent collecting documents, $795.00 for his 5.3 hours spent collecting and printing emails, $102.13 for costs associated with printing, $718.92 for travel and parking expenses, $700.00 for the 4.67 hours spent during the deposition, and $160.00 for his time spent preparing with DGFM's attorney.  DGFM confirms that Plaintiffs have already paid Mr. Hatten $802.13 for his deposition time and printing costs.  (Walker Aff. ¶ 3, ECF No. 207.)

**B.      Defendant Zel and Plaintiffs' Responses in Opposition**

Both Defendant Zel and Plaintiffs oppose DGFM's request for fees.   Plaintiffs also contend that the amounts requested, as well as some of the fees for the experts' preparation time, are unreasonable.

Defendant Zel, in its Response in Opposition, asserts that no "bright-line rule" exists requiring reimbursement of an expert's preparation and travel time and that instead, the Court retains discretion to award fees for expert preparation.   (Def. Zel's Resp. in Opp. 2, ECF No. 214.) Zel submits that no expert in this case should be awarded travel fees, explaining that Dr. Welch was deposed at his office in Atlanta, Mr. Di Ricco was deposed close to his work and residence at their law firm's office in New Jersey, and Mr. Hatten was deposed at DGFM's office in Cincinnati at his own request.  (*Id.* at 3.)   Zel further contends that permitting recoverability of preparation time would require DGFM to violate the attorney-client privilege in order to justify the

4

reasonableness of their experts' fees.  (*Id.*)

Plaintiffs, in their Response in Opposition, first detail the amount they have already paid DGFM's experts.  (Pls.' Resp. in Opp. 2–4, ECF No. 215.)  Plaintiffs represent that Dr. Welch has been paid $1,542.50 for his services, including: $57.50 (.5 hours at a rate of $115 per hour) for his administrative assistant to make a CD and $1,485 for his time at the deposition (4.5 hours at a rate of $330 per hour); that Mr. Di Ricco has been paid $2,100.00 for his time at the deposition (6 hours at a rate of $350 per hour); and that Mr. Hatten has been paid $802.13 for his deposition time and printing costs.  (*Id.* at 2.)

Plaintiffs dispute the reasonableness of Mr. Di Ricco's invoice for four hours to read a 183-page deposition and three hours to assemble and provide copies, pointing out that only seven documents in addition to his expert report and file were produced.  (*Id.* at 3.)  Plaintiffs also dispute Mr. Hatten's fee of $795.00 for 5.3 hours associated with collecting and printing emails, pointing out that only 12 emails were produced and that many of the emails withheld due to privilege appeared to be parts of email strings relating to original emails.  (*Id.* at 3.)  Plaintiffs also challenge Mr. Hatten's charge of $150.00 for one hour spent collecting documents for the deposition, pointing out that he produced only seven documents at his deposition.  (*Id.* at 4.)

Plaintiffs also contend that preparation and travel fees should not be awarded because the DGFM's interpretation of Rule 26(b)(4)(E) would render an unjust result.  (Pls.' Resp. in Opp. 4–6, ECF No. 215.)  Plaintiffs argue that holding an opposing party responsible to pay for an expert's preparation time requires that party to pay for costs it cannot verify are accurate.  (*Id.* at 4.)  Plaintiffs further maintain that requiring payment for preparation time is neither their practice nor what they have experienced as routine in the Southern District of Ohio.  (*Id.* at 4–5.)  Finally,

5

Plaintiffs alternatively ask the Court to find that "manifest injustice would result" here because in a case such as this involving multiple Defendants, each with their own expert witnesses, would in turn require Plaintiffs to bear an undue burden and expense to depose all of Defendants' experts. (*Id.* at 5.)

**C.    DGFM's Reply**

In its Reply, DGFM again posits that it is "mandatory" for the opposing side to pay its expert's preparation and travel time" unless manifest injustice would result.   (DGFM's Reply Mem. in Support 1–2, ECF No. 216.)    DGFM counters many of Plaintiffs' arguments, in particular that there is a routine course of dealing in the Southern District of Ohio for each party to pay their own experts' fees.  (*Id.* at 3–4.)   DGFM also counters Defendant Zel's argument that requiring such payment is protected by the work product or privilege doctrines, reasoning that all experts were questioned about their preparation and produced their files rendering the privilege argument unpersuasive.  (*Id.* at 3.)

DGFM maintains that both the experts' rates and the amount of fees sought for their preparation time are reasonable.   DGFM summarizes their fees incurred in relation to the time spent in deposition follows:   "Mr. Di Ricco prepared for four hours and was deposed for six; Mr. Welch prepared for 11.9 hours, which included time to comply with Plaintiffs' Document Request, and was deposed for 4.5 hours; and Mr. Hatten prepared for slightly more than one hour and was deposed for two."   (DGFM's Reply Mem. in Support 4–5, ECF No. 216) (internal citations to the record omitted)).   DGFM contends that much of the experts' time spent preparing was in response to Plaintiffs' requests, rather than in preparation for their depositions.   (Walker Aff. ¶¶ 7–9, ECF No. 217.)   DGFM explains that "Mr DiRicco was required to spend approximately seven hours

6

reviewing, compiling, and copying the requested materials, for which he billed only three hours. The file produced by Mr. DiRicco is identified as Exhibit 3 to his deposition and consists of approximately an inch of paper, printed double-sided." (*Id.* at ¶ 7.) DGFM notes that only Mr. Hatten is seeking reimbursement for travel expenses. (*Id.* at ¶ 10.)

## II.

Federal Rule of Civil Procedure 26(b)(4)(E)(i) states that "[u]nless manifest injustice would result," a party must pay an expert a "reasonable fee for time spent in responding to discovery." The Court has discretion to determine the reasonableness of an expert's fee. *Burgess v. Fischer*, 283 F.R.D. 372, 373 (S.D. Ohio 2012). "In assessing the reasonableness of an expert's fee, the Court should consider the expert's education, training and experience; the prevailing rate for comparable experts; and the nature and complexity of the information sought." *Id*. (citing *Bonar v. Romano*, No. 2:08-cv-560, 2008 WL 4280691, at *1 (S.D. Ohio Oct. 25, 2008); *Massasoit v. Carter*, 227 F.R.D. 264, 265 (M.D.N.C. 2005)). The goal of Rule 26(b)(4)(E)(i) "is to compensate experts for their time in participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost." *Hurst v. United States,* 123 F.R.D. 319, 321 (D.S.D. 1988) (citation omitted).

Although not universally accepted, numerous courts, including the Southern District of Ohio, have determined that a reasonable fee may include an expert witness's preparation and travel time. *See, e.g., Burgess*, 283 F.R.D. at 373 (determining that experts may bill for their reasonable and necessary travel time, provided they travel to a place other than their office or residence for the deposition); *Anderson v. Jas Carriers, Inc.*, No. 1:12-cv-280, 2013 WL 991902, at *1 (S.D. Ohio Mar. 13, 2013) (finding that an expert can recover for "related preparation time" for his

deposition); *Halasa v. ITT Educ. Serv., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) (affirming trial court's order compelling reimbursement of expert fees for "(1) deposition preparation, (2) travel to and from the deposition, and (3) time spent reviewing his deposition transcript"); *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D. VA. 2000) (finding that "it is well-established that time spent by an expert preparing for his or her deposition by opposing counsel is part of a reasonable fee under Rule 26(b)(4)(C)[1]"); *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 277 (E.D. La. 2010) (providing an in-depth analysis and citing numerous cases discussing the issue before concluding that opposing parties can recover reasonable fees for an expert's time spent preparing); *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999) (concluding that "time spent preparing for a deposition is, literally speaking, time spent in responding to discovery" and further observing that the Rule drafters did not limit recovery to only time spent during depositions).

## III.

In light of the above-cited authority, the Court concludes that time spent "responding to discovery" under Federal Rule of Civil Procedure 26(b)(4)(E) may include an expert's preparation and travel time. Although Plaintiffs' fairness objection to an award of preparation fees is not without some merit, the Court finds that the rationale in favor of permitting recovery of an expert's reasonable fees for time spent preparing outweigh the countervailing considerations. *See Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-CV-1030-WCB, 2016 WL 6649721, at *4 (E.D. Tex. Nov. 10, 2016) ("The rationale for requiring the deposing party to pay reasonable deposition preparation costs is that the expert's deposition benefits the deposing party, that preparation is often necessary to enable the witness to be fully responsive during the deposition, and that

---

[1] This section of the Federal Rules was amended and renumbered on April 28, 2010, to become the current subsection Rule 26(b)(4)(E).

preparation 'facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting.'" (internal citations omitted)). Further, although Plaintiffs correctly observe that the opposing party cannot control the expert's preparation time, such a check exists, namely, the Court is vested with discretion to determine what fees are reasonable under the circumstances. *Burgess*, 283 F.R.D. at 373. Finally, Defendant Zel's argument relating to the attorney-client privilege fails to persuade because numerous courts assess reasonableness without disturbing the privilege.

Having concluded that DGFM may recover reasonable experts' fees incurred for preparation and travel, the Court now considers whether DGFM's request for $7,210.92 is reasonable.

In support of the reasonableness of its request, DGFM relies upon the ratio of the hours each expert prepared compared to the amount time deposed. (*See* DGFM Reply in Support 4–5, ECF No. 216 ("Mr. Di Ricco prepared for four hours and was deposed for six; Mr. Welch prepared for 11.9 hours, which included time to comply with Plaintiffs' Document Request, and was deposed for 4.5 hours; and Mr. Hatten prepared for slightly more than one hour was deposed for two." (internal citations to the record omitted)). The Court acknowledges that such preparation-to-deposition ratios as cited above have generally been found to be reasonable. *See Script Sec. Sols., LLC,* 2016 WL 6649721, at *6 (reviewing a vast sampling of cases addressing ratios and concluding that "many courts have limited the recovery to preparation time that does not exceed the amount of deposition time, and most have declined to require payment . . . when the ratio of preparation time to deposition time exceeds three to one" (internal citations omitted)).

A further breakdown of each witness's preparation, however, leaves the Court

9

unconvinced that the full amount requested is reasonable under the circumstances. With respect to Dr. Welch and Mr. Hatten, DGFM seeks reimbursement for time spent preparing for the deposition with DGFM's counsel. In contrast to general preparation time, the Court finds that an expert cannot recover for time spent preparing with counsel because such preparation is too closely related to preparation for trial, and unlike general preparation, confers a benefit only to the retaining party. *Compare Ndubizu v. Drexel Univ.*, No. CIV.A. 07-3068, 2011 WL 6046816, at *2 (E.D. Pa. Nov. 16, 2011), report and recommendation adopted, No. CIV.A. 07-3068, 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011) (determining that "preparation is in both the deposing and retaining parties' interest, given the expectation that 'good preparation will lead to a more efficient deposition.'" (internal citations omitted)) *with Script Sec. Sols., LLC*, 2016 WL 6649721, at *4 (observing that many courts have found an expert's time spent with counsel preparing for the deposition also doubles as trial preparation or includes instructions of how an expert is to respond to questioning, "all of which benefit solely the retaining party, and not the deposing party"). Accordingly, DGFM's experts cannot recover for the time they spent preparing with DGFM's counsel.

The next at-issue expense is Mr. Hatten's travel expenses, which the Court finds to be reasonable. Although there appears to be some confusion among the parties as to which experts are seeking travel reimbursement, the attached invoices and Walker's affidavit reflect that only Mr. Hatten is seeking reimbursement for travel expenses. (*See* Exhs. F–G, ECF No. 207; Walker Aff. ¶ 10, ECF No. 217.) Mr. Hatten seeks a total of $718.92 for his travel time, mileage (at $0.545/mile), and parking. (Exh. H, ECF No. 207.) The Court finds that under the circumstances, Mr. Hatten's request for travel-time and related costs are reasonable and

encompass his time spent "responding to discovery." *See Burgess*, 283 F.R.D. at 373 (concluding that an expert can bill for "reasonable and necessary travel time," provided he had to travel somewhere other than his office or residence); *see also Schlenker v. City of Arvada, Colo.*, No. 09-cv-01189-WDM-KLM, 2010 WL 9568708, at *3–4 (D. Colo. June 16, 2010) (finding that a reasonable travel fee was the expert's normal fee/hour, plus $.50/mile).

Finally, Plaintiffs challenge the necessity of the experts' preparation time. The Court concurs in part with Plaintiffs. Plaintiffs first take issue with Mr. Di Ricco's bill for three hours to review and provide materials, contending that at the deposition, he only produced seven additional documents besides his expert report and file. Based upon DGFM's representations that Mr. Di Ricco actually spent more time than billed for assembling his file and other documents to produce at the deposition, and also in light of the fact that he was doing this at the request of Plaintiffs' counsel (Walker Aff. ¶¶ 7–9, ECF No. 217), the Court concludes that Mr. Di Ricco's time spent preparing was reasonable. The Court also finds that Mr. Di Ricco's invoice for four hours to read a 183-page deposition is reasonable under the circumstances. Plaintiffs next contest the 5.3 hours Mr. Hatten billed for collecting and printing email correspondence, maintaining that only 12 of 101 emails were produced and that many others not produced appeared to be part of an email string. (Pls.'s Resp. in Opp. 3, ECF No. 215.) The Court agrees with Plaintiffs on this particular challenge. Assuming Mr. Hatten printed all of the emails, he would have had to find and print one email every three minutes to account for his bill of 5.3 hours to produce 101 emails. Because the email addresses listed in the privilege log involve only about a half-dozen people whom Mr. Hatten emailed or from whom he received email, and because many of the emails do appear to be related or part of an email string, the Court concludes that the 5.3 hours billed for collecting and

printing unreasonable. The Court therefore reduces Mr. Hatten's time to two hours, or $300.00 total, for his time spent collecting and printing email correspondence. The Court finds the remainder of Mr. Hatten's preparation time reasonable under the circumstances.

**IV.**

In sum, for the reasons set forth above, DGFM's Motion to Compel Plaintiffs to Pay Expert Witness Deposition Fees (ECF No. 206) is **GRANTED in part and DENIED in part**. The Court **ORDERS** Plaintiffs to pay DGFM's experts **$5,961.92** for the experts' time spent responding to discovery.[2] DGFM's request for attorney's fees incurred in bringing this Motion is **DENIED** as unjust under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[2] This total is derived from $7,210.92 less $160.00 for Mr. Hatten's preparation with DGFM's attorney, $594.00 for Dr. Welch's preparation with DGFM's attorney, and $495.00 for Mr. Hatten's time spent collecting emails.