IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY ROTE, *et al.*,

    Plaintiffs,

    v.                                      Case No. 2:13-cv-1189
                                             Judge James L. Graham
                                             Magistrate Judge Chelsey M. Vascura

ZEL CUSTOM MANUFACTURING,
LLC, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Edward Grimm's Motion for Leave to File Motion for Summary Judgment (ECF No. 227), in which Mr. Grimm seeks leave to file a motion for summary judgment after the expiration of the dispositive motions deadline; Plaintiffs' Memorandum in Opposition (ECF No. 229); and Mr. Grimm's Reply (ECF No. 230). For the reasons that follow, Mr. Grimm's Motion is **DENIED** (ECF No. 227), and the Clerk is **DIRECTED** to **STRIKE** Mr. Grimm's Motion for Summary Judgment (ECF No. 228).

### I.

Plaintiffs originally filed this action on September 9, 2013, in the Franklin County Court of Common Pleas. Defendants subsequently removed the action to this Court on November 25, 2013. On January 30, 2014, this Court issued a Preliminary Pretrial Order ("PPO") (ECF No. 37), a scheduling order that established the case schedule deadlines the parties recommended in their Rule 26(f) Report (ECF No. 34). The PPO set the deadline for filing dispositive motions as April 10, 2015. Thereafter, at the request of the parties, the Court extended the dispositive motions deadline *numerous* times, with the most recently extended deadline expiring on

December 4, 2017, approximately two years and nine months after initial agreed-upon deadline. (*See* ECF Nos. 77, 97, 100, 108, 144, and 182.)

Notwithstanding these numerous, lengthy extensions, Mr. Grimm neither timely filed a dispositive motion nor moved for an extension of time by which to do so. Rather, he filed the subject Motion seeking leave to file his summary judgment motion on January 26, 2018, more than seven weeks after the December 4, 2017 expiration of the dispositive motions deadline.

In his Motion for Leave, Mr. Grimm points out that the Court granted Defendant Dirección General De Fabricaciones Militares an extension of the discovery deadline, until December 31, 2017, for the limited purpose of allowing the parties' experts to examine two shell casings. Although Mr. Grimm acknowledges that the agreed-upon deadline for filing dispositive motions was December 4, 2017, he appears to suggest that the Court should grant the instant Motion because the deadline by which to file dispositive motions typically trails the deadline for completing discovery by 30 days. Mr. Grimm further submits that he should be granted leave to file his motion for summary judgment because "this matter presents a classic situation" for such a motion. (ECF No. 227 at p. 2.) In support of this contention, Mr. Grimm offers his views on why the Court would grant the motion for summary judgment he seeks leave to file. Finally, Mr. Grimm asserts that no party would suffer prejudice should the Court grant his motion and that the interests of judicial economy also weigh in his favor.

Plaintiffs oppose Mr. Grimm's Motion, pointing out that Mr. Grimm has not advanced any explanation for failing to timely file his motion and that all of the evidence he cites in the motion for summary judgment he proffered was obtained months before the December 4, 2017 dispositive motions deadline. In addition, Plaintiffs posit that they would, in fact, suffer

2

prejudice should the Court grant Mr. Grimm's motion, and they also contest Mr. Grimm's declaration that he would succeed on a motion for summary judgment. Plaintiffs further assert that Mr. Grimm's apparent reliance upon the typical timing of motions for summary judgment is unpersuasive in light of language in Federal Rule of Civil Procedure 56(b), which provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Finally, Plaintiffs point out that in addition to the Court's Order setting December 4, 2017, as the expiration of the dispositive motions deadline, the Court also advised in its Notice of Final Pretrial and Trial that dispositive motions must be filed on or before the date specified in the Court's scheduling order. (*See* Pls.' Mem. in Opp. (citing ECF No. 147 at p. 4).)

## II.

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing

3

party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

### III.

Mr. Grim has failed to establish that good cause exists to modify the case schedule. Mr. Grimm has not offered *any* explanation for why, despite his diligence, he was unable to meet the significantly extended, court-ordered dispositive motions deadline. *See Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008) (noting that the movant's "total failure to offer any real justification for the delay . . . fell . . . well below her obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order as required by Rule 16."). Moreover, nothing in the record suggests that despite his diligence, he was unable to meet the deadline.

Mr. Grimm's proffered justifications are not well taken. To begin, none of his proffered justifications speak to his diligence in meeting case deadlines. His reliance on the "typical" timing of a motion for summary judgement lacks merit because, as Plaintiffs point out, the default deadline set forth in Rule 56(b) applies only when a different time has not been established by a local rule or court order. *See* Fed. R. Civ. P. 56(b). Mr. Grimm's contention that this case "presents a classic situation" for filing a motion for summary judgment and that he will prevail is equally unpersuasive because it improperly requires this Court to presume the success of his motion.

In sum, Mr. Grimm's failure to show diligence leads the Court to determine that he has failed to demonstrate good cause as required under Rule 16. Accordingly, Mr. Grimm's Motion is **DENIED**.

4

## IV.

For the reasons set forth above, Defendant Edward Grimm's Motion for Leave to File Motion for Summary Judgment is **DENIED**. (ECF No. 227.) Accordingly, the Clerk is **DIRECTED** to **STRIKE** Mr. Grimm's Motion for Summary Judgment. (ECF No. 228.)

**IT IS SO ORDERED**.

                                          /s/ *Chelsey M. Vascura*
                                          CHELSEY M. VASCURA
                                          UNITED STATES MAGISTRATE JUDGE