IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Troy and Amanda Rote,

        Plaintiffs,

   v.

Zel Custom Manufacturing, LLC, et al.,

        Defendants.

Case No: 2:13-cv-1189

Judge Graham

Opinion and Order

This tort action is before the court on plaintiffs' motion for the Court to review the Clerk of Court's taxation of costs. Following the Court's grant of summary judgment and a May 9, 2019 entry of final judgment, defendant Dirección General de Fabricaciones Militares ("DGFM") submitted a bill of costs. Included in the bill of costs was a request for $5,687 in fees incurred in connection with four depositions taken in this case.

The Clerk of Court issued a Memorandum as to Bill of Costs in which $4,003.25 in deposition fees were allowed and $1,684.11 in fees were disallowed. The Clerk allowed the costs associated with deposition transcripts, exhibits, and attendance fees. The Clerk disallowed the costs associated with condensed transcripts, shipping and handling, and videotaping services.

Plaintiff moves for a review of the Clerk's taxation of deposition costs. Plaintiff makes four objections, which are addressed in turn below.

Requirement of an Affidavit. Under 28 U.S.C. § 1924, the party submitting a bill for any item of cost must verify it by "an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

DGFM submitted its bill of cost by filing a Form AO 133, which is the template bill of costs made available on the Court's website. Under S.D. Ohio Local Civil Rule 54.1, the "bill of costs must be prepared on Form AO 133." Form AO 133 includes a declaration in which the party or their attorney signs and dates the following statement: "I declare under penalty of perjury that the

1

foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed."

Plaintiff objects that the declaration on Form AO 133 does not satisfy § 1924's requirement of an affidavit. This objection is without merit. Under 28 U.S.C. § 1746, whenever a law or regulation of the United States requires a matter to be supported or proved by an affidavit, "such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated." Thus, DGFM's declaration, dated and signed by legal counsel under the penalty of perjury, satisfies the requirement of an affidavit.

Timely Submitted. Under Local Civil Rule 54.1, the party seeking taxation of costs must file a bill of costs "within forty-five days from the entry of judgment." Plaintiff argues that defendant did not timely file its bill of costs This argument too is without merit.

The Court issued its Opinion and Order granting summary judgment to defendant on April 12, 2019. Though defendant filed its bill of costs on June 11, 2019 (more than 45 days after the grant of summary judgment), the Court did not enter final judgment until May 9, 2019, after the stipulations of dismissals of claims plaintiff had brought against other defendants were docketed. Because defendant filed its bill of costs within 45 days after the entry of final judgment on May 9, it was timely filed.

Necessary. Under 28 U.S.C. § 1920(2), a United States judge or clerk of court may tax as costs the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989); accord Colosi v. Jones Lang LaSalle Americas, Inc., 781 F.3d 293, 295 (6th Cir. 2015).

Plaintiff argues that none of the four depositions were necessary because the reasoning of the Court's April 12, 2019 Opinion and Order did not depend on any of them. But that's not the standard. The standard is whether the depositions were reasonably necessary for the litigation as of the time of taking. The Court finds that they were, for the reasons which follow.

Plaintiff Troy Rote suffered injuries to his hand and arm when a round of ammunition detonated out-of-battery while he held a firearm. Plaintiff brought tort claims against eight

2

defendants, including the manufacturers and sellers of the upper and lower receivers of the firearm and the owner of the firearm who had assembled it. Plaintiff also sued DGFM, which had manufactured the round of .50 caliber ammunition that was in the firearm when it detonated. Plaintiff brought three claims against DGFM under the Ohio Product Liability Act: (1) failure to warn, (2) noncompliance with manufacturer's representations, and (3) defective design and manufacture. O.R.C. §§ 2307.71-.77.

Because of the complicated fact pattern of the case, the number of defendants involved, and the existence of cross claims, the parties engaged in extensive discovery and deposed numerous witnesses and experts. DGFM moved for summary judgment, and in its motion and reply brief relied on the depositions of four individuals: Michael Brendzel, Vincent DiRicco, Charles Powell, and Stacy Prineas.

Michael Brendzel was the president and owner of defendant Zel Custom Manufacturing, which made the upper receiver of the firearm. During the deposition of Brendzel, counsel for DGFM examined him regarding the origin of the design of the upper receiver and when it began to be manufactured. See Brendzel Dep. at 223-27. Counsel asked Brendzel about the upper receiver's use of a "floating firing pin," and whether Zel had ever had any dealings with DGFM, which it had not. Id. at 228-29.

The Court finds that DGFM's participation in Brendzel's deposition was reasonably necessary to DGFM's defense against one of the variations of plaintiff's failure to warn claim. Plaintiff asserted that DGFM should have issued a warning that, among other things, its ammunition should not be used in bolt action rifles with floating firing pins. DGFM used the Brendzel deposition to establish that the Zel upper receiver was not designed or manufactured until 27 or 28 years after DGFM manufactured the ammunition and thus DGFM could not have been reasonably expected to have issued a warning against using its ammunition in an upper receiver like the one designed and manufactured decades later by Zel.

Vincent DiRicco was DGFM's expert. An engineer, DiRicco was retained to examine the design specifications of the ammunition, particularly the neck and shoulder measurements. The Court finds that DiRicco's deposition was reasonably necessary for DGFM to defend itself against the claims of plaintiff, and several of the other defendants, that the ammunition was not compliant with design specifications.

Charles Powell was plaintiff's expert. He concluded, contrary to plaintiff's original theory, that DGFM's ammunition did not have a "protruding primer" and that a protruding primer would

3

not have caused the out-of-battery detonation in any event. See Powell Dep. at 81-83, 140-41. The Court finds that Powell's deposition was reasonably necessary to DGFM's defense against plaintiff's defective design and manufacture claims.

Stacy Prineas was a representative of third party PW Arms. He testified that PW Arms, an importer located in the United States, obtained the ammunition at issue from a Croatian military entity and later sold it to defendant Ammoman, who then sold the ammunition to the owner of the firearm which injured plaintiff. See Prineas Dep. at 23-26, 47-48. The Court finds that the deposition of Prineas was reasonably necessary for DGFM to establish that the ammunition, which was manufactured solely for use by the Argentine military, did not come into the hands of the owner of the firearm with DGFM's intent or authorization. The issue of DGFM's intent was relevant to whether the Ohio Product Liability Act applied to DGFM, which the Court found that it did not.

Again, plaintiff objects that the Court's grant of summary judgment did not depend on any of the four depositions because the Court held that the Ohio Product Liability Act did not apply to DGFM. Not only is this not the correct standard, but plaintiff's argument is misleading. The Prineas deposition was specifically cited by the Court in its decision. See Doc. 263 at pp. 7-8. With respect to the other three depositions, DGFM expressly relied on them in moving for summary judgment. In the face of the deposition testimony cited by DGFM in its motion, plaintiff chose not to contest the dismissal of his claims of noncompliance with manufacturer's representations, defective design and manufacture, and failure to warn (as it related to warning of the risk of using DGFM's ammunition in the Zel upper receiver). The Court, while noting plaintiff's failure to contest the dismissal of these claims, thus had no reason to base its decision on the deposition testimony of Brendzel, DiRicco, or Powell. See Doc. 263 at p. 3.

Deposition Exhibit Fees. Finally, plaintiff argues that the Clerk improperly taxed costs for copies of deposition exhibits. Specifically, plaintiff objects to the exhibit fees for the DiRicco deposition ($452.20), the Powell deposition ($175.85), and the Prineas deposition ($37.70).

With respect to DiRicco and Powell, who were DGFM and plaintiff's own experts, DGFM paid for printed copies of exhibits to be included with the deposition transcripts. Plaintiff argues that these fees were for the convenience of DGFM's counsel and were not necessary to the litigation. See Elabiad v. Trans-W. Exp., LLC, No. 3:03-CV-7452, 2006 WL 1866137, at *2 (N.D. Ohio June 30, 2006) (overhead expenses for counsel's convenience are not taxable); Nye v. CSX Transp., Inc., No. 1:02-CV-1528, 2005 WL 1126754, at *3 (N.D. Ohio Apr. 26, 2005).

In response, DGFM does not object to the disallowance of the exhibit fees associated with the DiRicco and Powell depositions. But DGFM does defend the exhibit fee for the Prineas deposition. DGFM argues that in light of PW Arms' status as a third party, it was reasonable and necessary to pay $37.70 to obtain copies of the exhibits which Prineas brought with him to the deposition. The Court agrees and will allow taxation of the exhibit fee for the Prineas deposition.

Conclusion. Plaintiff's motion to review of the Clerk of Court's taxation of costs (doc. 275) is granted in part and denied in part. The motion is granted with respect to the exhibit fees for the DiRicco and Powell depositions, which totaled $628.05. This amount is disallowed. The motion is denied in all other respects.

Accordingly, the Court taxes $3,375.20 in deposition costs against plaintiff. Plaintiff shall pay this amount to DGFM forthwith, along with the $400.00 removal fee taxed by the Clerk and not objected to by plaintiff.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 6, 2020